# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY JAVIER CASTRO GARCIA, | CASE NO. 5:26-cv-02693-SK |
| Petitioner, | **ORDER GRANTING HABEAS PETITION IN PART** |
| v. | |
| ERNESTO SANTACRUZ, et al., | |
| Respondents. | |

Petitioner Henry Javier Castro Garcia is a native and citizen of Nicaragua detained at the Adelanto ICE Processing Center. According to his partially verified petition, he entered the United States in April 2022 and was released around then with a Form I-94, which the petition describes as "an alternate to detention as a condition of parole." (Pet. ¶ 35). Petitioner is charged with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i). (*Id*. ¶ 29). He alleges that he has complied with his conditional release and has no criminal history. (*Id*. ¶ 3). Yet on March 23, 2026, petitioner was unexpectedly arrested during a scheduled check-in and has been detained since. (*Id*. ¶¶ 37, 40). Meanwhile, he has evidently declined to seek a custody redetermination before an immigration judge—as permitted by agency regulations—claiming (for several reasons not unique to him) that it would

be pointless and futile under current agency practice and precedent.[1]  (*Id.* ¶¶ 9, 30).

Still, petitioner does not refuse—in the alternative to outright release—an individualized bond hearing where the government would bear the burden of proving by clear and convincing evidence that he should be detained pending removal proceedings.  (*Id.* at 16).  "With respect to the request for a bond hearing," respondents say that they "are not presenting an opposition argument" and will acquiesce to judgment granting such relief with "no more filings or proceedings" needed.  (ECF 8 at 2).  Otherwise, respondents do not contest any factual allegation in the petition, nor do they offer any defense to the alleged unlawfulness of petitioner's arrest and re-detention.  At the same time, petitioner has filed no timely reply to respondents' answer—neither accepting nor disagreeing with the government's concession on alternative remedy.

Where the "government does not offer any argument on the merits" of the petition, "it has waived any challenge to the arguments [] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017).  But petitioner's boilerplate claims also provide no convincing reason—specific to his circumstances—why a bond hearing would be factually or legally inadequate. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (In "federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").  Federal courts must decide cases based on the arguments the parties present.  *See United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).  "To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat."

---

[1] In an apparent template petition with generic legal recitals and capsule claims that could be applied to nearly every immigration detainee arrested since July 2025, petitioner is alternatingly referred to as "she" and "he" or "him" and "her."  And other than a referenced exhibit (that isn't attached to the petition) purporting to reveal the location of petitioner's current confinement, the petition includes no immigration records of any sort.  Nor does it even mention such records, other than what is summarized above.

*Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, the only place where the generic petition and the government's undeveloped answer converge is on the point of a bond hearing. So any other "points not argued will not be considered." *Margolin v. Nat. Assn. of Immigration Judges*, 608 U.S. ----, *2 (2026) (*per curiam*) (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring in judgment)); *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("a bare assertion does not preserve a claim"). With that application of the party-presentation rule, the court finds that petitioner has adequately (if barely) argued for—and respondents have acquiesced to—a custody redetermination before an immigration judge where the government should bear the burden to prove by clear and convincing evidence that petitioner must be detained pending removal proceedings.

\* \* \*

To that extent only, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED IN PART. *See* 28 U.S.C. § 2243. Within 10 days of this order, petitioner must be provided an individualized bond hearing before an immigration judge at which respondents must prove by clear and convincing evidence that petitioner is a flight risk or public danger who cannot be released on alternatives to detention. Judgment on the petition will be entered accordingly.

At such hearing, the immigration judge must exercise her discretion to make an individualized determination whether petitioner should be detained pending removal proceedings based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders,

and eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

IT IS SO ORDERED.

DATED: <u>June 3, 2026</u>

HON. STEVE KIM
United States Magistrate Judge

4